MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 173
Docket:        Han-19-326
Submitted
  On Briefs:   December 17, 2019
Decided:       December 23, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

## IN RE CHILD OF CHARLENE F.

PER CURIAM

[¶1]   Charlene F. appeals from a judgment of the District Court (Ellsworth, *Roberts, J.*) terminating her parental rights to her child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a), (B)(2)(a), (b)(i)-(ii) (2018).   The mother contends that the court erred in finding by clear and convincing evidence that she is unfit and that termination is in the child's best interest.  *See id.*  We affirm the judgment.[1]

[¶2]   The court's findings are supported by competent evidence in the record.  "We review the court's factual findings supporting its determination of parental unfitness and best interest[] of the child[] for clear error, and review its ultimate conclusion that termination is in the best interest[] of the child[] for

---

[1]  The father's parental rights were terminated by the same judgment.  We previously dismissed his appeal for want of prosecution.

an abuse of discretion, viewing the facts, and the weight to be given them,

through the trial court's lens, and giving the court's judgment substantial

deference." *In re Children of Jessica D.*, 2019 ME 70, ¶ 4, 208 A.3d 363

(quotation marks omitted).

[¶3]  The court's supported factual findings underlying its unfitness and

best interest determinations include the following:

> The court finds by clear and convincing evidence, that . . . [the mother] is unable to protect [the child] from jeopardy and these circumstances are unlikely to change within a time reasonably calculated to meet the child's needs.  [The mother's] relationship with [the father] was marred by domestic violence to a degree which would jeopardize [the child's] safety.  The Department first became involved with [the parents] in June of 2016.  [The child's] parents agreed to work with the Department at that point, including drug testing and releases for their providers.  [In] July . . . 2016, the parents had another violent argument culminating in a suicide attempt by [the mother].  [The child] was placed with [the father's] parents as a safety plan [in] August . . . 2016.  [The child] remains with [the father's parents] to this day.  [The mother] suffers from PTSD and Persistent Depressive Disorder.  She is in therapy . . . and has made significant progress.  She is working to respond appropriately to [the child's] behaviors.  Unfortunately, [the mother's] efforts to manage her emotions and her decision making, her executive functions, will be a lifetime struggle.  [The mother] believes that [the child's] behaviors are the result of spoiling by [the father's parents].  She intends to adopt a strict parenting style.  She disagrees with [the child's clinician's] recommendations for de-escalating [the child].  [The child] has been in treatment with [the clinician and the child's therapist] since coming into the Department's care. . . . [The child] is a complex child who must have stability and understanding in her relationships.  She needs a calm and composed caregiver.  [The mother's] strict authoritarian style

would exacerbate [the child's] troubling behaviors. [The child] is very attuned to the adults in her life and is aware of their conflicts. [The child] has made progress, but, will need therapy until at least young adulthood. [The mother] presents as an appropriate loving parent in visits with her daughter. She participated in therapy with [the child's clinician] initially. Unfortunately, she stopped working with [the clinician] [in] January . . . 2019. [The mother's] inability to recognize the basis for [the child's] . . . issues and to adopt appropriate responses to them place [the child] in jeopardy.

This court finds by clear and convincing evidence that DHHS offered [the mother] . . . appropriate services and referred [her] to providers. [She was] simply unwilling or unable to engage or make changes. This court finds that there is nothing more that DHHS could have done to assist [the mother] . . . in this case.

[The child] resides in the home of [the father's parents]. [The father's mother] displayed a very clear understanding of [the child's] concerning behaviors and a willingness to work with [the child's] therapists to resolve them. [The child] is making progress in the [father's parents'] care and they are prepared to adopt her. The [father's parents] have the resources to meet [the child's] needs. They are [the child's] grandparent[s] and have the ability to allow her the opportunity for contact with her extended family.

The difficulty for [the mother] . . . is one of timing. [The child] is 5 years old. She's been out of her parents' care for 3 years. She cannot continue to wait for her parents to do all the things necessary to set up a stable, consistent and safe life. [The child] has established a good bond with [her paternal grandparents]. [The child] would best benefit from maintaining loving relationships with her parents and [the father's parents]. Unfortunately, that is very unlikely to ever occur. She needs a permanent home now and cannot wait any longer for her parents to get their lives in order. This is a particularly troubling case because it is clear to this court that [the child's] parent[s] love her dearly. Despite that love, they are unable to take full responsibility for [the child] at this time. The court does not

believe that they will be able to take responsibility for her within a time reasonably calculated to meet her needs.

The court must look at whether . . . [the mother] will be able to take responsibility for [the child] within a time reasonably calculated to meet her needs, and [she] cannot. The time reasonably calculated to meet the child's needs is measured from the child's perspective. [The child] has been in DHHS custody for almost 36 months. [The child] has been in the care of [the father's parents] for more than half of her life. Each month is a long time in the [life] of a child this age. . . .

The Child and Family Services and Child Protection Act, which governs these proceedings, clearly states a policy favoring permanency for children. . . . As the Law Court has stated, long-term foster care is inherently impermanent and therefore disfavored as a permanency plan for children. Long-term options for a child other than termination allow future disruptions, uncertainty, inconsistency and lack of permanency in the child's life. . . .

This court finds by clear and convincing evidence that even though [the mother] . . . may be willing, [she is] unable to protect [the child] from Jeopardy and these circumstances are unlikely to change within a time[] which is reasonably calculated to meet her needs. This court also finds by clear and convincing evidence that even though [the mother] . . . may be willing, [she is] unable to take responsibility for [the child] within a time[] which is reasonably calculated to meet her needs.

Finally, the court finds that it is in the best interest of [the child] that the parental rights be terminated . . . .

Given the strong public policy favoring permanency for children, *In re Thomas H.*, 2005 ME 123, 889 A.2d 297, together with the lack of any compelling reason supporting long-term care, the court finds that termination is in [the child's] best interest[]. The court further finds that the plan of adoption is clearly in the best

interest of [the child] so that she has permanency in the happy home where she belongs.

The Guardian ad litem supports termination of [the mother's] . . . parental rights and has no concerns about her current placement. The GAL agrees that adoption . . . is in [the child's] best interest.

(Citations and quotation marks omitted.)

[¶4]  After carefully reviewing this record, we discern no clear error or abuse of discretion in the court's findings or analysis.  *See In re Child of Shaina T.*, 2019 ME 107, ¶ 12, 211 A.3d 229.

The entry is:

Judgment affirmed.

---

Mary Kellett Gray, Esq., Brooklin, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

James C. Munch, III, Esq., Vafiades, Brountas & Kominsky, Bangor, for appellees paternal grandparents

Ellsworth District Court docket number PC-2016-26
FOR CLERK REFERENCE ONLY